The case was heard, and one of the chancellors after-wards delivered the decree of the court,
■ 'The husband is by law entitled to the personal estate . * ' his wife on their marriage, or which may come to her af-terwards, unless secured to her by settlement or otherwise, although not reduced into actual possession; for thcte might be time spent, and delays occasioned before he could recover her personal estate, especially if it consisted in choses in action, and such delay ought not to turn to his prejudice.
Indeed the statute of frauds presuming on the circumstance of his not haying reduced any part of the personal estate into possession, gives to him the right of administration,and provides that no part of it shall be distributable amongst her relations after her death, by declaring’ that he shall recover and enjoy the same : Thé act for the abolition of the rights of primogeniture, has not intrenched in any manner on the rights of the husband respecting his title to his wife’s personal estate; but has placed his claim to her real estate on the same footing as it places the wife in relation to the husband’s estate, if he was to die intestate in her life time.
In this case the legacies to defendant’s wife were vested; the first of them before marriage, and the second after.-— On the death of Mrs. C. Ashby, under age, and without issue, of course they belong to her husband, and are not liable to distribution. He must however account for what money he has received, or may receive, on account of lands that were sold, for the purpose of rnaking a division *226 of Mrs. Ashby’s estate between him and her nephew T. Ashby.
Mr. Croft for complainants.
Mr. Gaillard for defendant.
It is therefore ordered and decreed that he account for the money so received by him; one .third part whereof is to be paid by him to complainants, according to their respective rights thereto.
Costs to be paid out of the estate.
This subject has since come more fully hito discftssion, and the court of appeals lms decided repe. tedly, that the personal estate of the wife, not actu.Jly reduced to possession during the coverture, does notbelong exclusively to the husband, but is distributable under our statute of Peb’ry. 1791. Vide 3d vol. of Reports in Chañe ery, p. 135, 147, 8. 155 to 164. See also 12 Ves. 497.